UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SEAN B. BUTLER,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Civil No. 09-147 (PAM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at a prison facility located in Wisconsin, has filed an amended complaint[1] seeking compensation for the "loss and damages" of certain personal property, which allegedly was taken from him while he was imprisoned by the federal Bureau of Prisons, ("BOP"), in Minnesota. The case is presently before this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[2] For the reasons discussed below, the Court finds that Plaintiff's amended complaint cannot survive the initial screening requirements of §

---

[1] Plaintiff recently filed a motion, (Docket No. 4), seeking leave to file an amended complaint in this case. That motion has been granted by an order previously entered. Therefore, this case is now before the Court pursuant to Plaintiff's amended complaint.

[2] Plaintiff did not pay the $350.00 filing fee for this action when he filed his original complaint, but he instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application was found to be deficient, and he was therefore directed to file an amended IFP application, and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). (See Order dated January 26, 2009; [Docket No. 3].) Plaintiff filed an amended IFP application and supporting affidavit on February 20, 2009, (Docket Nos. 5 and 6), but he still has not paid any initial partial filing fee. It appears from Plaintiff's latest submissions, however, that he may be unable to pay even the initial partial filing fee required by § 1915(b)(1). Therefore, the Court finds, at least for now, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

1915A.  It will therefore be recommended that this action be summarily dismissed.

## I. BACKGROUND

Plaintiff's amended complaint indicates that BOP employees took various items of his personal property on several occasions when he was transferred to different housing assignments. He first alleges that "[o]n or about July 24, 2007," certain BOP employees "negligently damaged and destroyed" his radio and calculator, and "wrongly deprived" him of certain leather goods and other items that he had acquired as part of a prison "Hobbycraft program."  (Amended Complaint, pp. 1-2.)   He further alleges that those employees, as well as others BOP employees, were responsible for "the negligent destruction, injury or loss of goods belonging to [him]."  (Id., p. 2.)  Finally, Plaintiff alleges that another BOP employee "willfully and wrongfully deprived [him] of personal items," consisting of "two copy cards, one (1) book of postage stamps, and an address-telephone book containing vital and private banking information."  (Id.)

Based on these allegations, Plaintiff is now attempting to sue the United States of America under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671 et seq.[3]  He is

---

[3] Plaintiff's complaint includes a reference to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  However, it is readily apparent that Plaintiff has not pleaded an actionable Bivens claim, for at least two reasons.  First, it is well-settled that the United States itself, which is now the only named Defendant in this action, cannot be sued based on Bivens, because of sovereign immunity.  Schutterle v. United States, 74 F.3d 846, 848 (8th Cir.) (the United States and its agencies "are not proper Bivens defendants because of sovereign immunity"), cert. denied, 517 U.S. 1210 (1996); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982) ("Bivens and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials"), cert. denied, 459 U.S. 1210 (1983). Second, in order to bring a Bivens claim, a plaintiff must plead, (and ultimately prove), a violation of his federal constitutional rights.  Plaintiff's current pleading obviously does not include any Bivens claim, because there are no allegations showing any violation of Plaintiff's constitutional rights.  Indeed, the amended complaint does not even mention the

2

seeking a judgment that would award him $1642.50 "in actual damages," and $61,000.00 in punitive damages.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a governmental defendant, (namely the United States), his pleading must undergo preliminary screening pursuant to 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA").  Subsection 1915A(a) requires federal courts to review the pleadings in every prisoner action against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable claim it must be summarily dismissed.  28 U.S.C. § 1915A(b)(1).  In this case, the Court finds that Plaintiff has not stated an actionable claim that can survive the preliminary screening requirements of § 1915A.

As noted above, Plaintiff is attempting to sue the federal government under the FTCA, based on allegations that federal employees wrongfully deprived him of certain personal property.  He alleges that BOP employees took his property while he was in BOP custody, and after they seized and detained his property, they negligently or deliberately damaged it, destroyed it, or lost it.  Plaintiff is seeking compensation under the FTCA for the alleged damage, destruction and loss of his property after it was taken by the BOP employees.

---

Constitution, or any constitutional principle.  Thus, Plaintiff's reference to <u>Bivens</u> is plainly inapposite.

The FTCA provides an express waiver of the federal government's sovereign immunity for claims based on certain torts committed by federal employees. United States v. Orleans, 425 U.S. 807, 813 (1976). However, the FTCA provides only a limited waiver of sovereign immunity, (id.), and that waiver does not extend to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise or other property by any officer of customs or excise or any other law-enforcement officer." 28 U.S.C. § 2860(c). Therefore, if the BOP employees who allegedly took Plaintiff's property are considered to be "law-enforcement officer[s]" for purposes of § 2860(c), the FTCA waiver of sovereign immunity does not extend to Plaintiff's current claims.

Several cases decided in this district in recent years have held that BOP employees are "other law enforcement officer[s]" for purposes of § 2860(c), and thus the FTCA does not provide coverage for inmate property losses allegedly caused by such employees. Hernandez v. United States, Civil No. 5-94-145, (D. Minn. 1995) (Doty, J.) (Report and Recommendation reported at 1995 WL 692982); Farmer v. Jacobsen, Civil No. 97-2562 (RHK/RLE) (D. Minn. 1998) (Kyle, J.) (Report and Recommendation reported at 1998 WL 957237; Thomas v. Jones, Civil No. 98-1849 (DWF/RLE) (Frank, J.). The Eighth Circuit Court of Appeals has also reached the same conclusion in an unpublished decision. Parmelee v. Carlson, No. 95-1901 (8th Cir. 1996), 1996 WL 64701 (unpublished opinion).

Last year, the United States Supreme Court eliminated any lingering doubts about whether BOP employees are law enforcement officers for purposes of § 2680(c). In Ali v. Federal Bureau of Prisons, 128 S.Ct. 831 (2008), the Supreme Court expressly ruled that BOP officials are considered to be law enforcement officers for purposes of § 2680(c).

Thus, it is now entirely clear that the FTCA does not cover claims stemming from a BOP employee's detention of an inmate's personal property. See Lewis v. United States, No. 07-2985 (MJD/FLN) (D.Minn. 2008), 2008 WL 4838722 (dismissing federal prisoner's FTCA claim based on allegations that BOP employees were responsible for losing some of his personal property).

In sum, the FTCA does not apply to claims based on allegations that BOP employees detained – and subsequently lost, stole, damaged or destroyed – an inmate's personal property. Therefore, Plaintiff's present complaint does not state an actionable FTCA claim.

## III. CONCLUSION

For the reasons discussed above, it will be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). The Court will also recommend that Plaintiff's application for leave to proceed in forma pauperis, (see n. 2, supra), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[4] To date, Plaintiff has not paid any part of the prescribed fee, so he still owes the full $350.00. Prison officials

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, it will be recommended that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's applications for leave to proceed in forma pauperis, (Docket Nos. 2 and 5), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: March 5, 2009

                                        s/ Arthur J. Boylan
                                        ARTHUR J. BOYLAN
                                        United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 19, 2009.