UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sean B. Butler,  Civ. No. 09-147 (PAM/AJB)
          Petitioner,

v.  **MEMORANDUM AND ORDER**

United States of America,
          Respondent.

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan dated March 5, 2009. Magistrate Judge Boylan screened the Petitioner Sean B. Butler's Amended Complaint pursuant to 28 U.S.C. § 1915A and recommended that it be summarily dismissed. After requesting and receiving an extension of time to do so, Butler filed objections to the R&R. The Court reviews de novo any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). After a de novo review and for the following reasons, the Court adopts the R&R.

**BACKGROUND**

Plaintiff Sean B. Butler is currently a federal inmate incarcerated in the Western District of Wisconsin. Butler has filed an Amended Complaint alleging that numerous articles of personal property were negligently damaged or destroyed by employees of the Federal Bureau of Prisons ("BOP") while Butler was being transferred to a different facility. Among the items Butler claims were damaged or destroyed are a radio, a calculator, and various tools for leather-working. Butler also alleges that a BOP employee "willfully and

wrongfully deprived" him of personal property, including a book of postage stamps and a book containing private banking information.

Butler claims that he is entitled to relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. In his initial Complaint, Butler named Harley G. Lappin, the Director of BOP, as Defendant. However, Butler later filed an Amended Complaint naming the United States as the only Defendant.

**DISCUSSION**

Magistrate Judge Boylan screened Butler's Amended Complaint pursuant to 28 U.S.C. § 1915A and recommended the Amended Complaint be dismissed because it is "frivolous, malicious, or fails to state a claim on which relief may be granted." Magistrate Judge Boylan's R&R concluded that Butler failed to state a Bivens claim because (1) Butler can not maintain a cause of action against the United States, and (2) Butler has alleged no violation of his constitutional rights. Butler objects to both of these conclusions. The R&R also recommended that the Court dismiss Butler's FTCA claim because the FTCA does not extend to claims stemming from a BOP employee's detention of an inmate's personal property, a conclusion to which Butler also objects.

**I.    The Bivens Claim**

In Bivens, the United States Supreme Court recognized a cause of action for constitutional violations caused by federal officers. 403 U.S. at 395-397. As the R&R correctly noted, a Bivens claim can not be maintained against the United States because the

United States has sovereign immunity from such claims. Schuttle v. United States, 74 F.3d 846, 848 (8th Cir. 1996). Butler argues that his Bivens claim does not fail because he has named individual defendants as well as the United States. Butler points both to the individual named in the caption to his original Complaint and to the individuals identified, but not captioned, in the Amended Complaint. For the following reasons, these arguments fail.

First, Butler cannot rely on the original Complaint. Butler chose to amend his Complaint, and when he did so, the effect was to withdrew the original Complaint. Thus, Lappin is no longer a named party in this action. Even if Lappin were still a party to this action, Lappin would also have immunity to Butler's claim. The Complaint does not allege that Lappin personally violated Butler's constitutional rights, and Bivens claims can only be asserted against federal officials alleged to be personally responsible for the alleged constitutional violations. Buford v. Runyon, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998) (citing Estate of Rosenberg v. Crandell, 56 F.2d 35, 37 (8th Cir. 1995)).

Second, Butler cannot rely on references to individuals that are contained within the pleading but not included in the caption. Butler may only seek relief from parties identified in the caption. Fed. R. Civ. P. 10(a) ("The title of the compliant must name all parties . . . .). Thus, in the Amended Complaint, Butler has named only one party against whom he seeks relief—the United States. Because Butler is not able to recover from the United States under Bivens, he has failed to state an actionable claim.

Even if Butler did name an individual against whom a Bivens claim could be

maintained, he has failed to plead a constitutional violation entitling him to relief. The Supreme Court has held that an unauthorized deprivation of property by a government official, whether negligent or intentional, is not a due process violation so long as there is some other meaningful post-deprivation remedy available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). As an inmate at a BOP facility, Butler can seek relief under the BOP's administrative remedy procedures, set forth at 28 C.F.R. §§ 542.10-19. See, Mendez v. FMC-Rochester, No. 07-CV-2609, 2007 WL 2320547, at *3 (D. Minn. Aug. 10, 2007) (Rosenbaum, J.) (citing Cyrus v. United States, No. 3:06-CV-02052, 2007 WL 81062, at *11 (M.D. Pa. Jan. 8, 2007)). Because a post-deprivation remedy is available, Butler has not suffered a violation of his due process rights.

## II. The FTCA Claim

In the FTCA, Congress enacted a limited waiver of the United State's sovereign immunity for claims arising out of torts committed by federal employees. The FTCA permits "claims against the United States, for money damages . . . for injury or loss of property . . . caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment. . . ." 28 U.S.C. § 1346(b)(1).

The FTCA's waiver of sovereign immunity is limited by a series of exceptions listed at 28 U.S.C. § 2680. Pertinent to this case, § 2680(c) states that sovereign immunity is not waived for "[a]ny claim arising in respect to the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or any other law enforcement officer . . . ." Based on this language, and caselaw

interpreting this language, see Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 128 S.Ct. 831, 841 (2008), the R&R concluded that the United States was immune from damages arising from the detention of goods by BOP employees.

Butler objects to the R&R's conclusion. Although it is not entirely clear what the basis for his objection is, Butler appears to argue that the Magistrate Judge made factual determinations inappropriate at the § 1915A initial screening phase and that his FTCA claim could not be dismissed absent such inappropriate factual determinations. The Court disagrees.

In conducting a § 1915A initial screening, the Court assumes all facts in the Complaint to be true. Knox v. Kempker, 297 Fed. Appx. 573, 573 (8th Cir. Oct. 28, 2008) (citing Cooper v. Schiro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam)). Butler has alleged that his property was either damaged, destroyed, stolen, or discarded during his transfer from a BOP facility located in Sandstone, Minnesota, to a facility located in Wisconsin. Taking Butler's factual assertions as true, the Court must conclude that BOP employees detained Butler's personal property during the transfer and that through either negligent or wrongful conduct by the BOP employees, Butler's personal property was damaged and/or not returned.

Based on these factual assumptions, the Court concludes that § 2680(c) expressly reserves the United States' sovereign immunity over such claims. The BOP employees "detained" Butler's personal property during his transfer, the personal property was "goods or merchandise," and the detention was done by BOP employees who qualify as "law enforcement officials" under Ali, 128 S.Ct. at 841. See 28 U.S.C. § 2680(c).

5

The Court notes that, when faced with very similar facts, the United States Supreme Court reached the same conclusion. Ali dealt with a claim by a prisoner who alleged that he had packed his personal belongings for a transfer from a federal prison in Georgia to a federal prison in Kentucky. 128 S.Ct. at 834. Ali claimed that when his personal belongings were returned to him by BOP employees in Kentucky, several items were missing. Id. When Ali asserted a FTCA claim, the Supreme Court concluded that § 2680(c) reserved sovereign immunity for the United States and prevented such a claim. Id. at 841. This Court's conclusion follows that precedent. As such, the United States has sovereign immunity, depriving this Court of subject-matter jurisdiction.

**CONCLUSION**

Butler also objects to the R&R's recommendation that his applications to proceed in forma pauperis be denied. The application is denied because the Amended Complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Nonetheless, as fully explained in Magistrate Judge Boylan's Order of January 26, 2009, Butler is responsible for the unpaid balance of his $350.00 filing fee.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. 9) is **ADOPTED**;
2. The Amended Complaint (Docket No. 8) is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(A)(b);
3. Plaintiff's applications for leave to proceed in forma pauperis, (Docket Nos. 2 and 5), are **DENIED**;

4. Plaintiff is required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Thursday, September 17, 2009

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge